**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **GABRIEL LOPES BRAZ.**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**DENIS RIORDAN, District Director, United States Citizenship and Immigration Services ("USCIS");**<br>**ROSE KENDRICK, Acting Director, National Benefits Center, USCIS;**<br>**JOSEPH EDLOW, Director, USCIS;**<br>**MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; and**<br>**PAMELA BONDI, Attorney General of the United States.**<br><br>**Defendants** | **Case No.: 1:26-cv-11524** |

**COMPLAINT FOR WRIT OF MANDAMUS**

Plaintiff, Gabriel Lopes Braz, by and through undersigned counsel, brings this action for a writ of mandamus under 28 U.S.C. § 1361, compelling Defendants to adjudicate Plaintiff's pending Application to Register Permanent Residence or Adjust Status ("Form I-485"). In support, Plaintiff alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (mandamus jurisdiction).
2. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in this District and this action is against officers and agencies of the United States acting in their official capacities.

## II. PARTIES

3. Plaintiff, Gabriel Lopes Braz, is a native and citizen of Brazil, currently residing in Winchester, MA 01890, within the jurisdiction of this Court.

4. Defendant, Denis Riordan, is the District Director, United States Citizenship and Immigration Services ("USCIS") and is sued in their official capacity.

5. Defendant, Rose Kendrick, is the Acting Director, USCIS National Benefits Center and is sued in their official capacity.

6. Defendant, Joseph Edlow, is the Director of USCIS and is sued in their official capacity.

7. Defendant, Markwayne Mullin, is the Secretary of the Department of Homeland Security and is sued in their official capacity.

8. Defendant, Pamela Bondi, is the Attorney General of the United States and is sued in their official capacity.

## III. FACTS

9. On or about June 17, 2021, Plaintiff filed a Petition for Amerasian, Widow(er), or Special Immigrant ("Form I-360"), receipt number MSC2191489770. USCIS assigned the petition a priority date of June 17, 2021. USCIS approved the petition on or about March 7, 2022. USCIS later issued an amended approval notice dated April 18, 2023, confirming the prior approval and granting deferred action.

10. Plaintiff also filed an Application to Register Permanent Residence or Adjust Status ("Form I-485"), receipt number MSC2390160330, based on the approved I-360 petition. USCIS issued a Form I-797C concerning a biometrics appointment related to the I-485 with a notice date of December 31, 2022.

11. Plaintiff's approved SIJS-based petition carries a priority date of June 17, 2021. According to the Department of State Visa Bulletin for December 2022, the Final Action

Date for the employment-based fourth preference category ("EB4"), the category under which Special Immigrant Juveniles are classified, was June 22, 2022. According to the March 2026 Visa Bulletin, the Final Action Date for EB4 was July 15, 2021. Plaintiff's priority date was current when the I-485 was filed and remains current.

12. USCIS has taken some preliminary processing steps on Plaintiff's adjustment application, including issuance of the biometrics notice and scheduling Plaintiff for biometrics, but USCIS has not issued a final decision on Plaintiff's Form I-485.

13. As of the filing of this Complaint, Plaintiff's Form I-485 has been pending for more than three years without adjudication

14. The continued delay in adjudicating Plaintiff's Form I-485 has caused and continues to cause concrete hardship, including restrictions on international travel, uncertainty in long-term personal and professional planning, continuing insecurity regarding Plaintiff's ability to regularize his status permanently, and significant stress and anxiety resulting from the prolonged lack of adjudication.

**CLAIMS FOR RELIEF**

15. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

16. Plaintiff has a clear right to have USCIS adjudicate his Form I-485 within a reasonable time.

17. Defendants have a clear, non-discretionary duty to process and adjudicate Plaintiff's Form I-485 within a reasonable time.

18. Defendants have failed to perform that duty by unreasonably delaying adjudication of Plaintiff's Form I-485, notwithstanding approval of the underlying I-360 petition and

subsequent biometrics processing on the adjustment application. Plaintiff has no other adequate remedy to compel Defendants to act.

19. A writ of mandamus is appropriate to compel Defendants to adjudicate Plaintiff's Form I-485.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a Writ of Mandamus compelling Defendants to promptly adjudicate Plaintiff's pending Form I-485, Application to Register Permanent Residence or Adjust Status;

B. Award Plaintiff his reasonable attorneys' fees and costs as permitted by law, including under the Equal Access to Justice Act, 28 U.S.C. § 2412, where applicable; and

C. Grant such other and further relief as the Court deems just and proper.

Dated: March 31, 2026

Respectfully submitted,
Gabriel Lopes Braz
By his Attorney,

/s/ Brian L. Hurley

Brian L. Hurley, Esq., 710451
235 Marginal Street,
Chelsea, MA 02150
617-884-1000
BHurley@GeorgesCoteLaw.com